KIRBY LUMBER CO. et al. v. BRADFORD HICKS LUMBER CO. (No. 399.)

(Court of Civil Appeals of Texas. Beaumont. May 20, 1918.)

Appeal from District Court, Tyler County; J. Llewellyn, Judge.

On motion for supplementary findings. Motion granted.

For former opinion, see 203 S. W. 418.

Andrews, Streetman, Burns & Logue and Kennerly, Williams, Lee & Hill, all of Houston, for appellants. Fisher, Campbell & Amerman, of Houston, Greer & Nall, of Beaumont, and Coleman & Lowe, of Woodville, for appellee.

HIGHTOWER, C. J. Subsequent to the action of the court reversing the judgment in this case, appellee filed a motion requesting this court to let its opinion show that appellee's petition contained the following allegations, in addition to those stated in the original opinion, to wit:

"Plaintiff would represent and show to the court that it has purchased from various and sundry parties title to a portion of the north and middle Hooe surveys, and also an undivided interest in the south Hooe survey, and owns the same by fee-simple title, which title was acquired by plaintiff, and is in addition to the title hereinafter mentioned."

And further:

"That, under and by virtue of the facts hereinbefore set forth and conveyances hereinbefore mentioned, this plaintiff acquired and now owns an undivided interest in, and became a joint owner with said defendants in and to, the north and south Hooe surveys."

And further:

"Plaintiff would further represent and show to the court that it has entered upon said north and south Hooe surveys for the purpose of taking possession of that part thereof described in the deed from W. D. Gordon et al. to this plaintiff, and that, notwithstanding it and those under whom it claims own an undivided interest therein, and are tenants in common with defendants, the defendants herein and each of them are now threatening to eject plaintiff from said land, and plaintiff fears that, unless granted the relief hereinafter prayed for, said defendants will eject it from said land and refuse to permit it to remain in possession of any part thereof; that said defendants are now claiming that they are entitled to the exclusive possession of the north Hooe survey and the south half of the south Hooe survey, and are entitled to hold the same as against this plaintiff; that the portions of said surveys taken possession of and now in the possession of plaintiff are not of any greater value than the remaining portions of said land, and the parties under whom this plaintiff claims are entitled to a much larger part of said surveys than that conveyed to this plaintiff, and that has been taken possession of by it, which it is using for the purpose of constructing its tram road thereon."

While the court is of the opinion that most of what the motion requests us to incorporate in the opinion as additional allegations in appellee's petition is already reflected in the original opinion, still we have no hesitancy in granting the motion for the additional findings above specified, and the same is granted, and it is here now stated that the above allegations were contained in appellee's petition, upon which the judge of the Seventy-Fifth judicial district acted in granting the temporary injunction in this case, and it is ordered that these supplemental findings be filed as a part of, and to be considered with, the original opinion of the court in this case.